**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CATHY A. REYNOLDS, 2008 REVOCABLE TRUST, et al., | No.    15-15710 |
| Plaintiff-Appellants, | D.C. No. 2:12-cv-00417-JAM-DAD |
| v. | |
| METROPOLITAN LIFE INSURANCE CO., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted March 13, 2017
San Francisco, California

Before: FERNANDEZ and WATFORD, Circuit Judges, and STATON,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Josephine L. Staton, United States District Judge for the Central District of California, sitting by designation.

Plaintiffs appeal the district court's order granting summary judgment in favor of Defendant declaring that Plaintiffs' state-law claims are pre-empted by ERISA. We affirm.

An order granting summary judgment and the conclusion that a state-law claim is pre-empted by ERISA are reviewed *de novo*. *See Greany v. Western Farm Bureau Life Ins. Co.*, 973 F.2d 812, 816 (9th Cir. 1992).

ERISA contains a broad pre-emption provision that applies when a state law "relate[s] to" employee benefit plans. 29 U.S.C. § 1144(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45 (1987). "A law 'relates to' an employee benefit plan . . . if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983). A state law may be pre-empted "even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990).

Here, Plaintiffs claimed benefits under two life insurance policies held by the same individual. One was an ERISA-governed group life insurance policy ("ERISA Policy"), and the other was an individual life insurance policy obtained through a right to conversion provided by the ERISA Policy. The ERISA Policy contains a "One Payment Only" provision that applies when a policyholder holds both the ERISA Policy and a converted policy. Under the terms of the "One

Payment Only" provision, the beneficiaries may recover benefits under the ERISA Policy only if the converted policy is returned to the insurer without any claim. When Plaintiffs filed claims under both policies, Defendant necessarily had to consider the "One Payment Only" provision in the ERISA Policy to decide whether to pay benefits under either policy. Thus, the converted policy relates to the ERISA Policy.

Although Plaintiffs argue that *Waks v. Empire Blue Cross/Blue Shield*, 263 F.3d 872 (9th Cir. 2001), governs this case, *Waks* did not address situations in which a policyholder holds an ERISA policy and a converted policy simultaneously, and the ERISA policy contains provisions that affect interpretation of the converted policy. Such is the case here, and ERISA therefore preempts Plaintiffs' state-law claims.

**AFFIRMED**.